**MCMANIMON, SCOTLAND & BAUMANN, LLC**
427 Riverview Plaza
Trenton, NJ 08611
(973) 323-8667
Andrea Dobin (adobin@msbnj.com)
*Attorneys for Plaintiff, Andrew Sklar, Chapter 7 Trustee*

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>COSTANTINO, John G.,<br><br>Debtor. | Case No. 18-33011(ABA)<br><br>Chapter 7<br><br>Honorable Andrew B. Altenburg, Jr., U.S.B.J. |
| ANDREW SKLAR, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br>v.<br><br>NADINE GRASSI and BRIAN COSTANTINO, in his capacity as the Executor of the Estate of Joseph Spadoro,<br><br>Defendant. | Adv. Pro. No. 19-____ |

### COMPLAINT FOR DECLARATORY JUDGMENT

Andrew Sklar, Chapter 7 Trustee ("Trustee") in the Chapter 7 bankruptcy proceeding of John G. Costantino, Chapter 7 debtor ("Debtor"), by way of complaint against Nadine Grassi and Brian Costantino, Executor, respectfully alleges as follows:

1

## PARTIES

1. On November 21, 2018, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

2. On November 22, 2018, the Trustee was appointed to serve as the Chapter 7 Trustee in the Debtor's bankruptcy proceeding and qualified and accepted said appointment.

3. Defendant Nadine Grassi ("Grassi") is the Debtor's ex-wife and resides at 263 Kings Highway West, Haddonfield, New Jersey  08033.

4. Defendant Brian Costantino is the Executor of the Estate of Joseph Spadoro and is joined as a defendant solely for the purposes of implementing the relief sought herein.

## JURISDICTION AND VENUE

5. This is a core proceeding brought pursuant to Fed. R. Bankr. P. 7001, 11 U.S.C. §§ 105, 541, and 28 U.S.C. § 157(b)(2)(A), (E), (K) and/or (O).

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1).

7. Venue in this matter is properly before this Court by virtue of 28 U.S.C. § 1409(a), as this is a proceeding arising under Title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

8. The Debtor is a beneficiary of the Estate of Joseph Spadoro for an approximate amount of $50,000 (the "Inheritance").

9. The Inheritance is property of the Debtor's bankruptcy estate, to be administered by the Trustee for the benefit of the Estate and its creditors.

Document      Page 3 of 4

10. As of the Petition Date, the Debtor owed Grassi both past due child support ("Child Support") and past due spousal support ("Alimony").

11. On March 6, 2019, Grassi filed a Proof of Claim in the Debtor's bankruptcy proceeding.

12. At least as early as March 6, 2019, Grassi had actual knowledge of the Debtor's bankruptcy filing.

13. By order entered on April 24, 2019, the Superior Court of New Jersey, Family Part, Camden County granted Grassi's request for an order that restrained the Executor of the Estate of Joseph Spadoro from releasing the Inheritance to the Debtor (the "April Order").

14. The April Order further provided as follows:

> Unless further Order [sic] of Court, Brian Costantino [Executor], or his counsel, John Fenerty, Esquire, shall release 100% of the Plaintiff's inheritance to Ms. Grassi's counsel, Angie Gambone, Esquire, with the exception of first permitting Brian Costantino or his counsel to satisfy the Plaintiff's support arrears by providing funds directly to the Probation Department. Any excess inherited funds or assets not provided to Probation should be provided to Angie Gambone, Esquire and thereafter released to Ms. Grassi upon notice to the Plaintiff [Debtor], in further satisfaction of the Plaintiff's outstanding obligations to Ms. Grassi.

15. The Executor of the Estate of Joseph Spadoro has not disbursed any of the Inheritance.

16. The Trustee has acknowledged that the Child Support constitutes a lien on the Inheritance pursuant to N.J.S.A. 2A:17-56.23b.

17. There is no state law that provides that Alimony is a lien on the Inheritance.

18. Grassi has taken the position that the Alimony is a lien on the Inheritance.

4849-3071-3518, v. 1

19. The Executor of the Estate of Joseph Spadoro will not distribute the Inheritance to the Trustee without a determination as to the extent of liens on same and/or a determination of his obligation to comply with the terms of the April Order.

**WHEREFORE**, the Trustee demands declaratory judgment as follows:

a. Declaring that the April Order, to the extent that it seeks to exercise dominion and/or control over the Inheritance, is a violation of the automatic stay of 11 U.S.C. 362 and is void *ab initio*;

b. Finding that Grassi willfully and knowingly violated the automatic stay by obtaining the relief set forth in the April Order that redirected the Inheritance to her and/or for her sole and exclusive benefit;

c. Awarding counsel fees as a sanction for a willful stay violation pursuant to 11 U.S.C. 362(k);

d. Declaring that the Child Support is a lien on the Inheritance;

e. Declaring that the Alimony is not a lien on the Inheritance;

f. Directing the Executor of the Estate of Joseph Spadoro to satisfy the Child Support lien and tender the remainder of the Inheritance to the Trustee, with an accounting thereof; and

g. Granting such other and further relief as is just and appropriate.

Respectfully,

MCMANIMON, SCOTLAND & BAUMANN, LLC
*Attorneys for Plaintiff, Thomas J. Orr,
Chapter 7 Trustee*

By: /s/ Andrea Dobin
ANDREA DOBIN

Dated: December 5, 2019