**MCMANIMON, SCOTLAND & BAUMANN, LLC**
427 Riverview Plaza
Trenton, NJ 08611
(973) 323-8667
Andrea Dobin (adobin@msbnj.com)
Michael A. Siravo, IV (msiravo@msbnj.com)
*Attorneys for Plaintiff, Andrew Sklar, Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>COSTANTINO, John G.,<br><br>Debtor. | Case No. 18-33011(ABA)<br><br>Chapter 7<br><br>Honorable Andrew B. Altenburg, Jr., U.S.B.J. |
| ANDREW SKLAR, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br>v.<br><br>NADINE GRASSI and BRIAN COSTANTINO, in his capacity as the Executor of the Estate of Joseph Spadoro,<br><br>Defendant. | Adv. Pro. No. 19-2292 |

### APPLICATION FOR ENTRY OF ORDER TO SHOW CAUSE

ANDREW SKLAR, Chapter 7 Trustee (the "Trustee"), by and through his undersigned counsel, applies for entry of an Order to Show Cause and in support thereof avers as follows:

1. The Trustee initiated this Adversary Proceeding to determine the extent to which the Debtor's ex-wife, Defendant Nadine Grassi ("Grassi") held a lien on an inheritance to which the Debtor was entitled (the "Inheritance"). The factual basis for the request for the

1

entry of an order to Show Cause is drawn from the Certification of Andrea Dobin submitted herewith.

2. After being served with the Complaint, the parties engaged in productive settlement discussions founded in Grassi's determination that her lien on the Inheritance was limited to her past due child support and could <u>not</u> encompass her past due spousal support. See N.J.S.A. 2A:17-56.23b. The only complicating factor was that Grassi had obtained an Order from the family court presiding over her divorce that purported to give her the entirety of the Inheritance either directly or indirectly (the "April Order").

3. The Inheritance was in the possession of the Executor of the Estate of Joseph Spadaro (the "Executor"). The Executor believed himself bound by the April Order. In early correspondence, the Trustee requested that the Executor hold the Inheritance while the parties resolved the various disputes.

4. While the Trustee and Grassi believed they were engaged in good faith negotiations with the Executor, the Executor hatched a plan to transfer the entirety of the Inheritance to the state probation department, in essence deciding for himself that both the Trustee and Grassi were wrong in their legal analysis <u>and</u> that he was complying with the April Order that he had been repeatedly told was void *ab initio* as a violation of the automatic stay.

5. The Inheritance, clearly property of the bankruptcy estate, is now gone.

6. The Executor is seeking to intervene in the family court with the expectation that the family court will "bless" what he has done. Ostensibly the Executor will then argue that the family court determination will be binding in this matter, even though the Trustee is not a party.

7. The Trustee is seeking emergent relief against the Executor to prevent further procedural maneuvering and damage to the Estate, and to obtain a monetary recovery against the Executor who has willfully violated the automatic stay.

8. The pretrial hearing in this case is scheduled for 2pm on March 10, 2020. The Trustee would like the Order to Show Cause to be scheduled for that date so that all parties can also address the best manner in which to get this Adversary Proceeding resolved, since the primary litigants, i.e., the Trustee and Grassi, have reached an agreement on the legal issue that led to the case being filed in the first place, but their proposed settlement is now impossible due solely to the unsanctioned conduct of the Executor.

      Respectfully,

      MCMANIMON SCOTLAND & BAUMANN, LLC,
      counsel to Andrew Sklar, Trustee, Plaintiff

      By: /s/ Andrea Dobin

Dated: March 2, 2020       ANDREA DOBIN