**MCMANIMON, SCOTLAND & BAUMANN, LLC**
427 Riverview Plaza
Trenton, NJ 08611
(973) 323-8667
Andrea Dobin (adobin@msbnj.com)
Michael A. Siravo, IV (msiravo@msbnj.com)
*Attorneys for Plaintiff, Andrew Sklar, Chapter 7 Trustee*

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No. 18-33011(ABA) |
| COSTANTINO, John G., | Chapter 7 |
| Debtor. | Honorable Andrew B. Altenburg, Jr., U.S.B.J. |
| ANDREW SKLAR, CHAPTER 7 TRUSTEE, | Adv. Pro. No. 19-2292 |
| Plaintiff, | |
| v. | |
| NADINE GRASSI and BRIAN COSTANTINO, in his capacity as the Executor of the Estate of Joseph Spadaro[1], | |
| Defendant. | |

### CERTIFICATION IN SUPPORT OF ENTRY OF ORDER TO SHOW CAUSE

ANDREA DOBIN, of full age, certifies as follows:

1. I am an attorney at law and a partner in the law firm of McManimon Scotland & Baumann, LLC, counsel to Andrew Sklar, Chapter 7 Trustee ("Trustee") in the Chapter 7 bankruptcy proceeding of John G. Costantino, Chapter 7 debtor ("Debtor"). I am

---

[1] The Decedent was improperly named as Joseph Spadoro in the initial pleadings.

1

submitting this Certification in support of the Trustee's request for entry of an Order to Show Cause. Except as noted I have personal knowledge of the facts set forth herein.

2. On November 21, 2018 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On November 22, 2018, the Trustee was appointed to serve as the Chapter 7 Trustee in the Debtor's bankruptcy proceeding and qualified and accepted said appointment.

3. The Debtor's scheduled disclosed that as of the Petition Date, he was a beneficiary of the Estate of Joseph Spadaro for an approximate amount of $50,000 (the "Inheritance"). It was not claimed as fully exempt.

4. Nadine Grassi ("Grassi") is the Debtor's ex-wife. At all relevant times, Grassi has asserted an entitlement to a least a portion of the Inheritance for unpaid court-awarded support due from the Debtor, both for herself and for her children.

5. Post-Petition, without leave of the Bankruptcy Court or notice to the Trustee of any sort, Grassi filed a motion in the Family Court the purpose of which was to exercise dominion and control over the Inheritance. She was successful. The Trustee did not learn about it in any sort of timely fashion.

6. By order entered on April 24, 2019, among other things, the Superior Court of New Jersey, Family Part, Camden County granted Grassi's request for an order that restrained the Executor of the Estate of Joseph Spadaro (the "Executor") from releasing the Inheritance to the Debtor (the "April Order"). A copy of the April Order is attached hereto as Exhibit "A".

7. Among other things, the April Order provides as follows:

> Unless further Order [sic] of Court, Brian Costantino [Executor], or his counsel, John Fenerty, Esquire, shall release 100% of the

2

> Plaintiff's inheritance to Ms. Grassi's counsel, Angie Gambone, Esquire, with the exception of first permitting Brian Costantino or his counsel to satisfy the Plaintiff's support arrears by providing funds directly to the Probation Department. Any excess inherited funds or assets not provided to Probation should be provided to Angie Gambone, Esquire and thereafter released to Ms. Grassi upon notice to the Plaintiff [Debtor], in further satisfaction of the Plaintiff's outstanding obligations to Ms. Grassi.

8. At the time of the April Order and for most of the relevant time period. the Executor had not disbursed any of the Inheritance. Counsel to the Executor was clearly troubled by the problem and expressed his concerns in a letter dated May 23, 2019 a copy of which is attached hereto as Exhibit "B". In this May 23 letter, counsel inquired what the Trustee's position was with regard to the validity of the April Order and the relief granted there.

9. The Trustee's position was conveyed to the Executor in a letter dated June 11, 2019, a copy of which is attached hereto as Exhibit "C". The Trustee's position with regard to Grassi's right to immediate payment from the Inheritance and the enforceability of the April Order is clearly stated. The letter provides "…we request that neither your office nor the Executor take any further action in releasing **any** funds beyond satisfaction of the child support judgment until this issue is resolved and/or adjudicated."

10. The Executor never advised the Trustee that, after honoring that request for 8 months, he would no longer do so. The fact that the Executor elected to violate this agreement without advance notice leads the Trustee to request the emergent intervention of this Court.

**LEGAL DISPUTE**

11. At all times, the Trustee has acknowledged that the Debtor's unpaid child support (the "Child Support") constitutes a lien on the Inheritance pursuant to N.J.S.A. 2A:17-

3

56.23b. However, he also contends that there is no state law that provides that Debtor's unpaid alimony (the "Alimony") is a lien on the Inheritance.

12. Grassi had taken (but no longer does) the position that the past the Alimony is a lien on the Inheritance.

13. The April Order does not make any distinction between Child Support and Alimony and, more importantly, was entered in violation of the automatic stay and, thus, is void *ab initio*, subjecting Grassi to sanction as she was clearly aware of the pending bankruptcy at the time she filed the Motion that led to the April Order. The Complaint initiating this Adversary Proceeding seeks the imposition of sanctions against Grassi, among other things.

14. Unable to resolve the dispute with Grassi, the Trustee directed the initiation of the within Adversary Proceeding – the primary purpose of which is to obtain a declaration of the extent of Grassi's statutory lien on the Inheritance. The Executor's counsel had advised that there was no urgency to a resolution because the death estate's tax returns were had not yet been prepared, filed or approved.

15. The Complaint initiating the Adversary Proceeding included the following paragraph that I included based upon my personal knowledge, discussions with counsel to the Executor and the June 11, 2019 letter:

> The Executor… will not distribute the Inheritance to the Trustee without a determination as to the extent of liens on same and/or a determination of his obligation to comply with the terms of the April Order.

Implicit in this allegation was the understanding that the Inheritance would not be disbursed *to anyone* while the dispute remained pending. This turned out to be incorrect.

4

**PROGRESS IN ADVERSARY PROCEEDING**

16. The Complaint initiating this Adversary Proceeding was properly served. Both Grassi and the Executor changed counsel when the Adversary Proceeding was initiated. I agreed that no answer needed to be filed if the parties were making progress toward a resolution. Settlement discussions began in earnest.

17. The Executor was named in the Adversary Proceeding because his counsel bitterly complained to me that he was not subject to the jurisdiction of the Family Court yet was purported to be bound by the April Order. I wanted to make sure that the Executor was able to air whatever issues he had when the dispute between the Estate and Grassi as to the entitlement to the Inheritance and the import of the April Order was resolved.

18. Through her new counsel, Grassi quickly conceded that her lien on the Inheritance was limited to *Child Support* (not Alimony) under the terms of the statute.

19. The parties began discussing the terms of a Stipulation of Settlement that could be docketed in this Court to address the fact that the April Order was improper and that both Grassi and the Trustee knew it, but it was *arguably* still binding on the Executor even though he had not been a party to the proceedings that gave rise to the entry of the April Order either.

20. The parties where very close to a resolution when the actions that give rise to this application were discovered. I believed that the parties were negotiating in good faith. See, e.g., mail of Monday, February 17, 2020, 6:08 pm. from counsel to the Executor circulating a proposed settlement agreement attached hereto as Exhibit "D"

21. At 2:30pm on Thursday, February 20, 2020, the Executor's former counsel circulated an email that set forth the past-due support and delineated between the amount

5

due for Child Support ($15,212.06) and that due for Alimony ($43,760.01) to enable the parties to do the appropriate calculations. See Exhibit "E" attached hereto.

22. Instead, on Thursday, February 27, 2020 at 6:18pm, counsel to the Executor circulated an email (not even directed to me, but, rather to Grassi's counsel) stating as follows:

> In light of the docketed child support judgment and the clear legal requirements imposed upon the Estate by N.J.S.A. 2A:17-56.23b, we have determined that a settlement agreement as previously discussed is not possible. The Estate has filed the attached motion today and you a hard copy of all documents will be sent to you by mail. Thank you.

See Exhibit "F". Attached hereto as Exhibit "G" are the motion papers attached to the foregoing email (referred to hereinafter as the "Motion to Intervene"). The brief submitted herewith will demonstrate the many legal errors included in the email and the Motion to Intervene, including what constitutes a "docketed child support judgment" and what the "clear legal requirements" truly are.

23. When I reviewed the Motion to Intervene I learned for the first time that the Executor had disbursed the *entirety* of the Inheritance (less $2,000), ignoring the directive set forth in the June 11, 2010 letter, the proposed settlement that had been negotiated, this Adversary Proceeding and Grassi's changed position as to the extent of her lien on the Inheritance, electing, instead, to be bound by the April Order that the Executor had been advised was entered in violation of the automatic stay and *void ab initio*.

24. The Trustee is not a party to the litigation where the Motion to Intervene was filed. The Motion to Intervene is not properly handled by the court that is hearing the Debtor and Grassi's matrimonial action, particularly since the issue was already raised to this Court.

6

25. My efforts to convince counsel to the Executor to withdraw the Motion to Intervene have fallen on deaf ears. He advised me that unless and until a Court of competent jurisdiction declares the April Order to be void, his client is bound by it even in the face of allegations that the April Order is *void ab initio* and Grassi's position in the context of settlement that does not attempt to enforce the relevant provisions of the April Order.

26. Ironically, the Executor's counsel advised that the Executor made the distribution, at least in part, because he wants to extract himself from litigation. In truth, it will have the exact opposite effect.

27. The Executor knew he was in possession of property of the Bankruptcy Estate and he disbursed it without Court approval while this Adversary Proceeding was pending the purpose of which was to provide him with the clarity he sought. I had previously offered to enter into an Order that allowed the Inheritance to be deposited into the Court Registry as disputed funds. He declined indicating that the April Order imposed other requirements on him.

28. The Executor has not explained the urgency to disburse the Inheritance nor recognized that there was an appropriate forum for him to address his concerns, i.e., <u>this Court</u> in <u>this Adversary Proceeding</u>.

    I certify under penalty of perjury that the foregoing is true and correct.

Dated: March 2, 2020

By:    /s/ Andrea Dobin  
       ANDREA DOBIN

4846-5421-7654, v. 1