CERTIFIED
TRUE COPY

FILED
FAMILY DIVISION

APR 24 2019

SUPERIOR COURT OF NEW JERSEY
COUNTY OF CAMDEN

**ORDER PREPARED BY THE COURT**

JOHN COSTANTINO
    Plaintiff

v.

NADINE COSTANTINO
    Defendant

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION/FAMILY PART
CAMDEN COUNTY

DOCKET# FM-04-998-15

Civil Action

ORDER

**THIS MATTER** having come before the Court on the 29th of November 2018, the HON. KURT KRAMER, J.S.C. presiding; the Plaintiff, JOHN COSTANTINO, self represented, and the Defendant, NADINE COSTANTINO, appearing and represented by Angie Gambone, Esq., and the Court having considered the moving papers, oral argument, the findings of facts and the conclusions of law placed upon the record, and for good and sufficient cause shown;

**IT IS** on this **24th** day of April, **2019 ORDERED** as follows:

1. Defendant's request to Enforce the Plaintiff's Current Child Support and Alimony Obligations is **GRANTED**. Plaintiff shall, consistent with his past obligation, pay $177.00 per week in child support and $2,200.00 per month in spousal support.
2. Defendant's request to Increase Plaintiff's Weekly Arrears Payback Rate is **GRANTED**. Plaintiff, effective the date of this Order, shall pay $150.00 dollars per week towards his support arrears.
3. Defendant's request to for a Lump Sum Payment of $10,000 Towards Arrears within ten (10) days by certified or bank check is **GRANTED**. Defendant's request for an arrest warrant is **DENIED**.

4. Defendant's request for Plaintiff to be placed on Strict Probation with Specific Terms for Release is **GRANTED in part and DENIED in part**. Plaintiff shall, in the event he misses any further payments, be on strict probation and required to appear at probation for monthly failure to pay hearings with an arrest warrant to issue if he fails to appear at any scheduled hearing. Probation shall not release Plaintiff from his appearance obligation unless he has made his full support payment for the month.

5. Defendant's request for Probation to Release Plaintiff's Income Information is **GRANTED**. Probation shall release to Ms. Grassi or her attorney any and all information now or in the future known to them as to the Plaintiff's source of income.

6. Defendant's request for Plaintiff's Case Information Statement and Proof of Assets is **GRANTED**. Plaintiff shall submit a complete Case Information Statement within the next ten (10) days. Plaintiff shall submit the last 24-months of all financial statements to substantiate the representations made on his Case Information Statement. If requested by Defendant within 14 days of this Order, a compliance hearing will be set for June 3, 2019 at 8:30 at which time Plaintiff shall be required to answer any relevant questions of the Defendant or Defendant's counsel under oath. If Plaintiff fails to appear at the hearing by 9:00 am that day a warrant for his immediate arrest will be issued. If Plaintiff has not complied, he will be required to appear day to day, until he has fully complied with paragraphs 3, 6, and 13-18 of this Order unless good cause is shown. Further, unless good cause is shown, if Plaintiff failed to pay any amounts required by this Order, a date for an ability to pay hearing will be set at the compliance hearing.

7. Defendant's request for Arrest Warrant to be Issued for Failure to Supply Documentation is **GRANTED** to the extent consistent with paragraph 6 of this Order.

8. Defendant's request for an Order restraining Brian Costantino, Administrator of the Estate of Joseph Spadaro, from releasing any monies or assets from the Plaintiff's inheritance to the Plaintiff under any circumstances is **GRANTED**.

Unless further Order of Court, Brian Costantino, or his counsel, John Fenerty, Esquire, shall release 100% of the Plaintiff's inheritance to Ms. Grassi's counsel, Angie Gambone, Esquire, with the exception of first permitting Brian Costantino or his counsel to satisfy the Plaintiff's support arrears by providing funds directly to the Probation Department. Any excess inherited funds or assets not provided to Probation should be provided to Angie Gambone, Esquire and thereafter released to Ms. Grassi upon notice to the Plaintiff, in further satisfaction of the Plaintiff's outstanding obligations to Ms. Grassi.

9. Defendant's request for a self-effectuating Order indicating that if the Plaintiff is the beneficiary of any inheritance in the future, the administrator of said Estate is to be restrained from releasing any assets to the Plaintiff absent a Court Order is **GRANTED in part and DENIED in part.** This Order shall be an ongoing restraint unless or until the Plaintiff has satisfied all deficient obligations in this matter. Defendant's request for an Order that if Plaintiff is at the time of any future inheritance current on all obligations, requiring the Estate administrator to provide $5,000.00 to Ms. Grassi's counsel to hold in trust and to release to Ms. Grassi in the event that the Plaintiff accumulates support arrears in excess of $500.00 in any given month, is **DENIED.**

10. Defendant's request for an Order compelling Plaintiff to enter into a monthly payment plan with the Internal Revenue Service by way of automatic monthly bank account withdrawal is **DENIED.**

11. Defendant's request for an Order compelling the Release of Flaster Greenberg Escrow Monies to Defendant is **GRANTED.** Ms. Grassi's counsel, Flaster Greenberg P.C., shall release to Ms. Grassi the monies currently held in escrow, in further satisfaction of the Plaintiff's support obligations to her.

12. Defendant's request for an Order permitting Ms. Grassi to claim both of the parties' minor child as tax deductions in all future tax years beginning in the year 2018, until further Order of the Court is **GRANTED.**

13. Defendant's request for an Order requiring the Plaintiff to provide proof, within ten (10) days, that he has the appropriate amount of life insurance and that his children are the named beneficiaries of the policies, is **GRANTED.** Plaintiff

shall provide proof to defendant that this policy is in good standing on a monthly basis.

14. Defendant's request for an Order Requiring the Plaintiff to surrender all remaining Philadelphia Eagles game tickets for the 2019/2020 season to Ms. Grassi is **GRANTED**. Plaintiff shall deliver such tickets to Defendant within 14 days of this Order. Any individual or organization shall, upon presentation of this Order, provide the tickets to Ms. Grassi or her counsel.

15. Defendant's request for an Order Requiring the Plaintiff to surrender all vehicles titled in his name to Ms. Grassi is **GRANTED**. Defendant is granted power of attorney to execute any titles or other documents necessary to transfer title or sell the vehicles, including, but not limited to, the initial transfer of any vehicles to her name.

16. Defendant's request for an Order Requiring the Plaintiff to comply with the Court's prior Order compelling him to provide an accounting, with proofs, as to his use of the proceeds of the sale of the Lakeview Avenue property within ten (10) days is **GRANTED.**

17. Defendant's request for an Order Requiring the Plaintiff to place the minor children on health insurance identical or comparable to the policy they were previously covered under prior to the Plaintiff putting them on state-sponsored insurance is **GRANTED**. Plaintiff shall obtain and provide Defendant proof of the insurance within 14 days of this Order.

18. Defendant's request to require the Plaintiff to pay the children's unreimbursed medical expenses as required by the Court Order of July 13, 2018 is **GRANTED**. All amounts owed pursuant to the Court Order of July 13, 2018 shall be paid within 10 days of this Order.

19. Defendant request for an award of Counsel Fees and Costs is **GRANTED**. The Court awards Plaintiff counsel fees in the amount of $3867.50. The Court will supplement this award for further counsel fees incurred since the initial application based on any further submission of counsel made in the next 7 days. The award of counsel fees is related to enforcement of a support order and is not dischargeable in bankruptcy.

20. Defendant's request an Order imposing sanctions on the Plaintiff in the event that he fails to comply with any of the terms of this Order is **GRANTED in part and DENIED in part**  The sanctions, as requested by Defendant are denied. However, Plaintiff will be subject to sanctions of $100 per week or part thereof for the failure to comply with any of the reliefs granted in paragraphs 3, 6, and 13-18 of this Order, such sanctions to be cumulative.

21. Defendant's request for Plaintiff to appear in person before the Court on a monthly basis for a Status Conference is **DENIED as requested** and **GRANTED in part**. The Court, consistent with paragraph 6 above, will schedule a compliance conference, if requested by Defendant, on June 3, 2019 at 8:30 am. The Court will consider entering further Orders for enforcement and the scheduling further compliance hearings at that time.

22. Defendant's request for an Order Reducing all Unpaid Obligations to Judgment is **DENIED as requested**.  Issues related to IRS debt are subject to the automatic stay.  The Court will reduce any amounts specifically identified in the amounts identified at the compliance conference upon receipt of a written request from counsel for Defendant 5 days before the date of the compliance hearing.

23. Defendant's request for an Order For such further relief as the Court deems equitable and just is **GRANTED**.  The Court directs that the Plaintiff's driver's license and any other professional licenses issued by the state of New Jersey to Plaintiff are suspended until further order of Court.

By the Court

Kurt Kramer, J.S.C.