| | |
|---|---|
| 2661 Huntingdon Pike<br>Huntingdon Valley, PA 19006<br>Telephone: (215) 947-4848 | JOHN F.X. FENERTY, JR.<br>Member of the PA Bar & the NJ Bar<br>MyLawyer@MyLawyer.net |
| 38 N. Haddon Ave.<br>Haddonfield, NJ 08033<br>Telephone: (856) 428-7373 | JOHN F.X. FENERTY, SR.<br>Member of the Pennsylvania Bar<br>Jake@MyLawyer.net |
| Toll Free: (800) FENERTY<br>Facsimile: (215)947-1148 | |

# THE FENERTY LAW FIRM, L.L.C. ATTORNEYS AT LAW

May 23, 2019

Andrew Sklar, Esquire
Sklar Law, LLC
1200 Laurel Oak Road, #102
Voorhees Twp., NJ 08043
(U.S. Trustee)

Andrea Dobin, Esquire
McManimon, Scotland, Baumann
427 Riverview Plaza
Trenton, NJ 08611
(Counsel for U.S. Trustee)

Lee M. Perlman, Esquire
1926 Greentree Road
Cherry Hill, NJ  08003
(Bankruptcy Counsel for Debtor
 John G. Costantino)

Angie Gambone, Esquire
Flaster Greenberg
1810 Chapel Avenue West
Cherry Hill, NJ  08002
(Domestic Rels. Counsel for Nadine
 Grassi)

E. Richard Dressel, Esquire
Flaster Greenberg
1810 Chapel Avenue West
Cherry Hill, NJ 08002
(Bankruptcy Counsel for Creditor
 Nadine Grassi)

Mr. John Costantino
305 Fern Avenue
Haddon Twp., NJ 08108
(Via Certified Mail, Return Receipt and
 Regular Mail)

RE:
- Estate of Joseph Spadaro, Deceased, Brian K. Costantino, Executor
- John Costantino, Chapter 7 Bankruptcy, No. 18-33011; and
- John Costantino v. Nadine Costantino, New Jersey Superior Court, Domestic Rel. Case #FM-04-998-15

Dear Counsel and Mr. Costantino,

As you will recall from our prior communications, I have been asked to assist Brian K. Costantino, Executor of the Estate of Joseph Spadaro, Deceased, with the preparation and filing of the New Jersey Inheritance Tax Return and to help him wind up the affairs of the Estate. Unfortunately this task wound up becoming involved with the above-referenced Bankruptcy and Family Court matters, and I have received multiple communications from all counsel concerning John Costantino's interest in this Estate.

**THE FENERTY LAW FIRM, L.L.C.**
ATTORNEYS AT LAW
23May19
Page 2

---

As you may already know, the primary asset of the Estate was Mr. Spadaro's home at 8119 Marshall Avenue, Margate City, NJ. At the January 3, 2019, closing of the real estate transaction, the title company escrowed a large amount of money for payment of the Inheritance Tax due. Similarly, under New Jersey law, the Bank has withheld 50% of Mr. Spadaro's accounts pending approval of the Inheritance Tax Return by the New Jersey Division of Taxation.

The funds that are being withheld by the title company and by the bank will not be paid over to Brian K. Costantino, as Executor, until after the Division of Taxation approves this Inheritance Tax Return.

Enclosed please find a courtesy copy of the filed New Jersey Inheritance Tax Return together with all supporting documentation of Mr. Spadaro's assets and liabilities, which was forwarded to the New Jersey Division of Taxation on May 10, 2019. I am also enclosing a courtesy copy of Mr. Spadaro's Will for your files.

You will note that the "Balance of the Estate" on Line #9 of the Inheritance Tax Return is $303,459.21. We have sent the State a check from the title company in the amount of $47,327.03, for Inheritance Taxes and Fees due to the Estate with the original Return.

In accordance with Mr. Spadaro's Will, John Costantino is a 20% beneficiary of the net estate after deductions and taxes. The beneficiaries are all Class "D" beneficiaries to which a 15% tax applies. The net estate available for distribution is expected to be $247,901.85. If approved by the State as submitted, John Costantino's percentage of that amount is projected to be $49,580.37. You will note that $8,320.33 of the "Balance of the Estate" represents 85% of a CD that, while taxable to the Estate under New Jersey law, passes directly to Brian outside of the Estate and is therefore not subject to distribution to the beneficiaries under the Will.

We have today been advised by the State of New Jersey, Division of Taxation, Inheritance and Estate Tax Division, that it is taking "up to three months" to receive approval of filed Returns. But approval can come sooner than that.

I am also in receipt of the April 24, 2019, Order of the Honorable Kurt Kramer, J.S.C., in the Family Court matter, (a courtesy copy of which is attached for your ease of reference). At item #8, His Honor instructs:

> "Unless further Order of Court, Brian Costantino, or his counsel, John Fenerty, shall release 100% of the Plaintiff's inheritance to Ms. Grassi's counsel, Angie Gambone, Esquire, with the exception of first permitting Brian Costantino or his counsel to satisfy Plaintiff's support arrears by providing funds directly to the Probation Department. Any excess inherited funds or assets not provided to Probation should be provided to Angie Gambone, Esquire, and thereafter released to Ms. Grassi upon notice to the Plaintiff, in further satisfaction of the Plaintiff's outstanding obligations to Ms. Grassi."

**THE FENERTY LAW FIRM, L.L.C.**
ATTORNEYS AT LAW
23May19
Page 3

---

Please note that I am not a signatory to the Estate account. Only, my client, Brian Costantino, has signatory power for the Estate account. I am not holding any Estate funds whatsoever. Neither am I charging a fee for my services. However, I have put Brian Costantino on notice of Judge Kramer's Order and instructions.

Notwithstanding the foregoing, in light of John Costantino's pending Bankruptcy, and the concept of Federal Preemption, it strikes me that I need to obtain the positions of the involved U.S. Trustees, Mr. Sklar and Ms. Dobin regarding Item #8 on Judge Kramer's April 24, 2019, Order.

Absent any prompt written objection from any of you, (and hopefully with the written approval of Mr. Sklar and Ms. Dobin), it is my intention to have my client follow Judge Kramer's instructions. Stated differently, upon receipt of final approval of the Inheritance Tax Return from the New Jersey Division of Taxation, it is my intention to contact Probation to determine John Costantino's then current support arrearages and to instruct Brian Costantino to issue a check for the appropriate amount up to the maximum amount of John Costantino's actual inheritance value as of that date.

Moreover, in compliance with Judge Kramer's Order, absent receipt of any written objections from any of you, it is my intention to instruct my client to turn over the balance of John Costantino's inheritance from this Estate, if any, to Ms. Gambone.

Please know that I do expect to receive and any all written instructions and/or objections from you by thirty (30) days from the date hereof.

Please be guided accordingly.

Very truly yours,

THE FENERTY LAW FIRM, LLC

JOHN F. X. FENERTY, JR., ESQ.

JFXFJR/hhh
Enclosure:  As Referenced
cc:  Brian K. Costantino, Executor