**MS&B**  McMANIMON · SCOTLAND · BAUMANN          75 Livingston Avenue, Roseland, NJ 07068  (973) 622-1800

**Michele M. Dudas**
Direct Dial: (973) 721-5021
Facsimile: (973) 681-7233
mdudas@msbnj.com

Client No. 79758-0001

June 11, 2019

**Via E-Mail and First-Class Mail**
John F.X. Fenerty, Jr., Esq.
The Fenerty Law Firm, LLC
38 N. Haddon Avenue
Haddonfield, New Jersey 08033

    Rr:    John G. Costantino
            Case No. 18-33011 (ABA)

Dear Mr. Fenerty:

    This firm represents Andrew Sklar, the Chapter 7 Trustee (the "Trustee") for John G. Costantino, Chapter 7 debtor (the "Debtor"). We are in receipt of your May 23, 2019 correspondence on behalf of Brian K. Costantino, as Executor ("Executor") of the Estate of Joseph Spadaro, Deceased ("Decedent Estate"), and related April 24, 2019 Order ("Matrimonial Order") entered in the matrimonial action involving the Debtor and his ex-wife, Nadine Costantino ("Nadine").

    Putting aside the fact that the Matrimonial Order was apparently entered in violation of the automatic stay provisions of 11 U.S.C. § 362(a), we disagree with two aspects of your letter. First, state law provides a lien on the proceeds of an inheritance solely for *child support judgments*, not for spousal support. See § N.J.S.A. 2A:17-56.23b. It appears that the Executor intends to pay both past due child support *and* spousal support from the proceeds prior to further distribution. This is improper. The Trustee does not object to payment of *only* the child support judgment at the time of distribution.

    Furthermore, the Trustee objects to the proposed payment of the balance of the Debtor's inheritance (after payment of the *child support* judgment), if any, to counsel to Nadine. These proceeds are property of the Debtor's bankruptcy Estate. The child support judgment constitutes a lien that must be paid in order to administer this asset. However, once the lien is satisfied, the balance must be tendered to the Trustee.

John F.X. Fenerty, Jr., Esq.
June 11, 2019
Page 2

      We have raised these issues with counsel to the Debtor's ex-wife. Absent a consensual resolution between the parties, the Trustee will take appropriate action in the Bankruptcy Court and/or Matrimonial Court to be able to provide your client with guidance as to the distribution of funds following satisfaction of the child support judgment. Therefore, we request that neither your office nor the Executor take any further action in releasing **any** funds beyond satisfaction of the child support judgment until this issue is resolved and/or adjudicated.

      Thank you in advance for your anticipated cooperation. Should you have any questions or require any further information, please do not hesitate to contact me.

                          Very truly yours,

                          Michele M. Dudas

cc:    Lee M. Perlman, Esq. (via e-mail)
        E. Richard Dressel, Esq. (via e-mail)
        Andrew Sklar, Chapter 7 Trustee (via e-mail)
        Andrea Dobin, Esq. (via e-mail)

4828-5412-9561, v. 1