# Andrea Dobin

| | |
|---|---|
| **From:** | John FX Fenerty, Jr. <mylawyer@mylawyer.net> |
| **Sent:** | Thursday, February 20, 2020 2:30 PM |
| **To:** | Steven Neuner |
| **Cc:** | Gilbert L. Brooks Esq (gbrooks@duanemorris.com); Andrea Dobin; John F.X. Fenerty, Jr., Esquire (jfxf@MyLawyer.net) |
| **Subject:** | Re: JOHN COSTANTINO |

Good afternoon folks.  With regard to the Stipulation which remains in circulation between and among counsel, the child support number has increased given the passage of time and continued lack of payment from Mr. Costantino to $15,212.06.  The Documents will need to be updated accordingly.  Please see attached.
Thank you.



**John F.X. Fenerty, Jr., Esquire**
The Fenerty Law Firm, L.L.C.
2661 Huntingdon Pike, Huntingdon Valley, PA 19006
38 N. Haddon Avenue, Haddonfield, NJ 08033
Tel: 888-947-4848 Fax: 215-947-1148
Cell: 215-858-3000
Email: MyLawyer@MyLawyer.net

1

Sustaining Member PAAJ
Member NJAJ
LAWPAC Contributor - PA, NJ & USA
Practice Limited to Personal Injury Matters.

The information and all attachments in this electronic communication is legally privileged and confidential information intended only for the use of the individual or entity intended.  If you are not the intended recipient, you are hereby notified that any review, use, dissemination, distribution or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by return e-mail and please permanently remove any copies of this message from your system.  Do not retain any copies, whether in electronic or physical form or otherwise.  Delivery of this message and any attachments to any person other than the intended recipient(s) is not intended in any way to waive confidentiality or any applicable privilege.  Thank you.

Sent from my iPhone

> On Feb 18, 2020, at 5:53 PM, Steven Neuner <SNeuner@nv-njlaw.com> wrote:

If you look below you will see an email letter from a Camden County Probation Officer regarding a judgment against the debtor. He contends that the arrears judgment against the debtor (which does not differentiate between child support and non-child support obligations) must be fully paid in order to be satisfied. This is true as far as it goes but is immaterial to the present dispute.

(He mis-cites a case which only holds that the plaintiff can withhold the statutory $2000 before paying over the amount of child support. Copy attached)

I do not think this is an issue or if it is, it is certainly easily dealt with in our settlement as follows:

1. Debtor and Grassi and Trustee agree that NJSA 2A:17-56.23b only applies to child support arrears, and that the trustee is not obligated under that statute to turn over any additional arrears that do not fit within that definition, as they are not a statutory lien under code section 545. Such arrears may be includible in a claim by Grassi as a Domestic Support Obligation to be paid pursuant to Codes sections 507 and 726.
2. The arrears that remain unpaid at the conclusion of the bankruptcy are still the debtor's non-dischargeable obligation, except to the extent paid or satisfied in the bankruptcy case.
3. The release of the trustee will explicitly include any claims arising under NJSA 2A:17-56.23b.

_____

## Steven R. Neuner Esq.
Certified Business Bankruptcy Specialist
(American Board of Certification)

### Neuner & Ventura LLP

High Ridge Commons
200 Haddonfield-Berlin Road (County Road 561 and Victor Blvd)
Suite 300
Gibbsboro, NJ 08026
856.596.2828
Reply to : sneuner@nv-njlaw.com
website:    www.nv-njlaw.com
Blog:         http://www.nv-njlaw.com/bankruptcy-blog

_____

This entire electronic mail message and any continued threads or exchanges ("e-mail") contains private information. Receipt by anyone other than a named addressee does not waive the e-mail's confidential nature. If you are not this e-mail's intended recipient, please immediately notify us and remove this e-mail from your record-keeping facilities.

This e-mail does not waive service of process or acknowledge personal jurisdiction regarding any disputed matter without a formal appearance by counsel and a concurrent waiver imposed by stipulation or court rule.

 Our client communications are protected from involuntary disclosure: (1) by the rules of evidence and procedure adopted by all state and federal courts in the United States (including Fed. R. Evid. 501-502); (2) by the Electronic Communications Privacy Act (18 U.S.C. §§ 2510-2522); and (3) by the Hague Convention of March 18, 1970 (ratified by Congress at 28 U.S.C. § 1781). However, receiving this e-mail does not form an attorney-client relationship with us in the absence of a separate agreement to do so.

 This Disclosure may be required by Circular 230 issued by the Department of Treasury and the Internal Revenue Service. If this e-mail, including any attachments, contains any federal tax advice, such advice is not intended or written by the practitioner to be used, and it may not be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer. Furthermore, any federal tax advice herein (including any attachment hereto) may not be used or referred to in promoting, marketing or recommending a transaction or arrangement to another party. Further information concerning this disclosure, and the reasons for such disclosure, may be obtained upon request from the author of this e-mail.

IF THIS EMAIL CONTAINS INFORMATION ABOUT BANKRUPTCY: please note that we are Bankruptcy Attorneys and assist people in obtaining debt relief through the Bankruptcy Code. Further information can be found at our website

_____

**From:** Brooks, Gilbert L. <GBrooks@duanemorris.com>
**Sent:** Tuesday, February 18, 2020 5:12 PM
**To:** Steven Neuner <sneuner@nv-njlaw.com>
**Subject:** FW: JOHN COSTANTINO

**From:** Atwood Shupp <Atwood.Shupp@njcourts.gov>
**Sent:** Tuesday, February 18, 2020 3:55 PM
**To:** Brooks, Gilbert L. <GBrooks@duanemorris.com>
**Subject:** JOHN COSTANTINO

4 PAGES

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

<John Costantino Judgment.pdf>

<simpkins v saiani.pdf>