**DUANE MORRIS** LLP
**A DELAWARE LIMITED LIABILITY PARTNERSHIP**
By:     Gilbert L. Brooks
1940 Route 70 East, Suite 100
Cherry Hill, NJ  08003-2171
Telephone:  856- 874-4204
Fax: 856-424-4446
Attorneys for Intervenor

|  |  |
|---|---|
| JOHN COSTANTINO,<br><br>     Plaintiff,<br><br>  v.<br><br>NADINE GRASSI (nee Costantino),<br><br>     Defendant,<br><br>ESTATE OF JOSEPH SPADARO,<br><br>  Applicant for Intervention. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION, FAMILY PART<br>CAMDEN COUNTY<br><br>DOCKET NO. FM-04-998-15<br><br>CIVIL ACTION<br><br>**MOTION TO INTERVENE AND**<br>**MOTION FOR FURTHER ORDER OF**<br>**THE COURT** |

**TO:**   Steven R. Neuner, Esquire
   Neuner & Ventura LLP
   High Ridge Commons
   200 Haddonfield-Berlin Road
   (County Road 561 and Victor Blvd.)
   Suite 300
   Gibbsboro, NJ  08026

Bruce K. Warren, Esquire
Warren Law Group
1170 Delsea Drive
Suite 103
Westville, NJ  08093

and/or

John Costantino
305 Fern Avenue
Haddon Township, NJ  08108

**PLEASE TAKE NOTICE** that I will apply to the Honorable Kurt Kramer, J.S.C. and

the above named Court located at the Camden County Hall of Justice, 101 S. 5th Street, Camden,

New Jersey 08103-4001, on March 27, 2020, at 9:00 a.m. for an Order permitting the Estate of

Joseph Spadaro (the "Estate") to intervene in the above-captioned action for the limited purpose

of seeking a further Order of the Court regarding payment of a portion of the inheritance

otherwise due plaintiff John Costantino from the Estate.  A proposed form of order is attached.

This motion is made on the following grounds:  (a) by Order dated April 24, 2019, Judge Kramer

granted the request of defendant, Nadine Grassi, for an order restraining the Estate from

releasing any monies or assets from the inheritance otherwise due John Costantino to anyone

other than the Camden County Probation Department or Ms. Grassi, unless the Estate obtained a

further order from the Court; (b) suit has been filed against Nadine Grassi and the Estate seeking

payment of a portion of the inheritance otherwise due John Costantino to the Trustee in a

Chapter 7 bankruptcy proceeding filed by Mr. Costantino (United States Bankruptcy Court,

District of New Jersey, Case No. 18-33011 (ABA); Adv.  Pro No. 19-2292); and (c) the Estate

seeks to intervene to obtain a further order from the Court permitting payment to the Trustee of a

portion of the inheritance otherwise due John Costantino.

The Estate will rely on the brief and certifications submitted in support of the Motion to Intervene and Motion for Further Order of the Court.

In accordance with R. 1:6-2(d) and R. 5:5-4(a)(1), the Estate requests Oral Argument if this matter is contested.

**NOTICE TO LITIGANTS: IF YOU WANT TO RESPOND TO THIS MOTION YOU MUST DO SO IN WRITING.** This written response shall be by affidavit or certification. (Affidavits and certifications are documents filed with the Court. In either document the person signing it swears to its truth and acknowledges that they are aware that they can be punished for not filing a true statement with the Court. Affidavits are notarized and certifications are not.) If you would like to submit your own separate requests in a motion to the Judge you can do so by filing a cross-motion. Your response and/or cross-motion may ask for oral argument. That means you can ask to appear before the Court to explain your position. However, you must submit a written response even if you request oral argument. Any papers you send to the Court must be sent to the opposing side, either to the attorney if the opposing party is represented by one, or to the other party if they represent themselves. Two copies of all motions, cross-motions, certifications, and briefs shall be sent to the opposing side.

The response and/or cross-motion must be submitted to the Court by a certain date. All motions must be filed no later than Tuesday 24 days before the return date. A response and/or cross-motion must be filed no later than 15 days (Thursday) before the return date. No other response is permitted without permission of the Court. If you mail in your papers you must add 3 days to the above time periods.

Responses to motion papers sent to the Court are to be sent to the following address: Camden County Hall of Justice, 101 S. 5th Street, Camden, New Jersey 08103-4001. Call the

Family Division Manager's office ((856) 379-3771) if you have any questions on how to file a

motion, cross-motion or any response papers.  Please note that the Family Division Manager's

office cannot give you legal advice.

Dated: February 27, 2020

                DUANE MORRIS LLP
                Attorneys for Intervenor, the Estate of
                Joseph Spadaro

                By:_____
                    Gilbert Brooks, Esquire

**DUANE MORRIS** LLP
**A DELAWARE LIMITED LIABILITY PARTNERSHIP**
By:    Gilbert L. Brooks
1940 Route 70 East, Suite 100
Cherry Hill, NJ  08003-2171
Telephone:  856- 874-4204
Fax: 856-424-4446
Attorneys for Intervenor

| | |
|---|---|
| JOHN COSTANTINO,  <br><br>            Plaintiff, <br><br>    v. <br><br> NADINE GRASSI (nee Costantino), <br><br>            Defendant, <br><br> ESTATE OF JOSEPH SPADARO, <br><br>       Applicant for Intervention. | SUPERIOR COURT OF NEW JERSEY <br> CHANCERY DIVISION, FAMILY PART <br> CAMDEN COUNTY <br><br> DOCKET NO. FM-04-998-15 <br><br> CIVIL ACTION <br><br> **BRIEF IN SUPPORT OF MOTION TO INTERVENE AND MOTION FOR FURTHER ORDER OF THE COURT** |

# TABLE OF CONTENTS

Table of Authorities ................................................................................................................ i

**PRELIMINARY STATEMENT** ........................................................................................ 1

**STATEMENT OF FACTS** ................................................................................................ 2

**LEGAL ARGUMENT** ........................................................................................................ 4

I.      Present Status Of The Inheritance ........................................................................ 4

II.     The Estate Should Be Permitted To Intervene In This Matter ............................ 6

III.    The Further Order Of The Court ............................................................................ 9

**CONCLUSION** .................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Allstate NJ v. Neurology Pain*, 418 N.J. Super. 246 (App. Div. 2011) ....................................... 6-7

*Civ. Liberties v. County of Hudson*, 352 N.J. Super. 45 (App. Div. 2002), *cert. den.* 174 N.J. Super. 190 ........................................................................................................ 7-8

*Meehan v. K.D. Partners, L.P.*, 317 N.J. Super. 563 (App. Div. 1998), *cert. den.* 118 N.J. 234 (1989) ...........................................................................................................6

*Simpkins v. Saini*, 356 N.J. Super. 26 (App. Div. 2002)........................................................... 4-5

*Smiley v. Thomas*, 448 N.J. Super. 624 (L. Div. 2016)...............................................................5

*Woytas v. Greenwood Tree Experts*, 237 N.J. 501 (2019)...........................................................8

*Zirger v. Gen. Accident Ins. Co.*, 144 N.J. 327 (1996) ...............................................................7

**Statutes**

11 U.S.C. §362.......................................................................................................................3, 6

N.J.S.A. 2A:17-56.23...............................................................................................................3

N.J.S.A. 2A:17-56.23b...................................................................................................... 1, 4-5, 7

N.J.S.A. 2A:17-56.23b(a) ........................................................................................................ 4-5

N.J.S.A. 2A:17-56.23b(b) ..........................................................................................................3

N.J.S.A. 2A:17-56.23b(c) ........................................................................................................ 3-4

N.J.S.A. 2A:17-56.23b(f)...........................................................................................................5

N.J.S.A. 2A:17-56.23b(g) ..........................................................................................................5

**Other Authorities**

R. 1:1-2 ...................................................................................................................................8

R. 4:33-1 ..............................................................................................................................2, 6, 9

R. 4:33-2 ...............................................................................................................................2, 7

R. 4:33-3 .................................................................................................................................8

R. 4:57-1 .................................................................................................................................9

## PRELIMINARY STATEMENT

John Costantino is due an inheritance of $46,424.73 (the "Inheritance") from the Estate of Joseph Spadaro (the "Estate").

The Camden County Probation Department (the "Probation Department") has advised the Estate that John Costantino has a child support judgment docketed against him with the Clerk of the Superior Court of New Jersey in the amount of $58,972.07, said amount as of February 18, 2020.

In accordance with the requirements of N.J.S.A. 2A:17-56.23b, and the Court's April 24, 2019 restraining order entered against the Estate, the Estate has paid the New Jersey Support Payment Center $44,424.73 in partial satisfaction of the child support judgment docketed against John Costantino.

Unless further order of the Court was obtained, the Court's April 24, 2019 restraining order required the Estate to pay all excess inherited funds due John Costantino to his former spouse, Nadine Grassi.

On or about November 21, 2018, John Costantino filed a Chapter 7 bankruptcy proceeding with the United States Bankruptcy Court for the District of New Jersey (Case No. 18-33011 (ABA)) (the "Costantino Bankruptcy"). The Trustee in the Costantino Bankruptcy is Andrew Sklar (the "Trustee").

On or about December 5, 2019, the Trustee filed a Complaint For Declaratory Judgment against Nadine Grassi and the Estate (the "Complaint"). In relevant part, the Complaint seeks a judgment requiring the Inheritance, with the exception of an amount equal to past due child support owed by John Costantino, to be paid to the Trustee.

In communications with counsel for Nadine Grassi since the filing of the Complaint, it appears that Ms. Grassi does not object to the balance of the Inheritance, less payment of past due child support owed by John Costantino, being paid to the Trustee.

Accordingly, pursuant to R. 4:33-1, or alternatively R. 4:33-2, the Estate seeks to intervene in this action to seek a further order of the Court permitting the Estate to pay the balance of the Inheritance, $2,000, to the Trustee.

## STATEMENT OF FACTS

Brian Costantino is the Executor of the Estate. The Estate has received tax clearance from the State of New Jersey, Division of Taxation to make distributions to the beneficiaries under the Last Will and Testament of Joseph Spadaro. John Costantino is one of the beneficiaries of the Estate and his inheritance from the Estate is a payment in the amount of $46,424.73. (*See*, Certification of Brian Costantino submitted herewith).

On April 24, 2019, the Court entered an Order in the above-captioned matter granting defendant Nadine Grassi's request to enforce John Costantino's child and spousal support obligations. (*See*, Certification of Gilbert Brooks, Exhibit A, submitted herewith and, hereafter, referred to as the "Brooks Cert.").

The Court also granted a number of additional requests for relief in favor of Ms. Grassi related to the child and spousal support obligation. In particular, despite the Estate not being a party to the litigation or otherwise joined or interpled as a party in the litigation by Ms. Grassi, the Court granted Ms. Grassi's request for a restraining order prohibiting the Estate from releasing any inheritance to John Costantino under any circumstances. (Brooks Cert., Exh. A, par. 8). The Court further ruled that the Estate was permitted to satisfy John Costantino's "support arrears" by providing funds directly to the Probation Department, but that all "excess inherited funds or assets" not provided to the Probation Department were required to be provided

to Ms. Grassi in further satisfaction of John Costantino's "outstanding obligations to Ms.

Grassi." (Id.) Finally, the Court ruled that the restraining order entered against the Estate could

only be modified by further Order of the Court. (Id.)

On or about December 5, 2019, the Trustee in the Costantino Bankruptcy filed the

Complaint against Nadine Grassi and the Estate (Adversary Proceeding No. 19-2292). (Brooks

Cert., Exh. B).

The Complaint asserts that the Inheritance is property of John Costantino's bankruptcy

estate. (Id. at par. 9). The Complaint asserts that Nadine Grassi had actual knowledge of the

Costantino Bankruptcy and, on March 6, 2019, filed a proof of claim in the bankruptcy

proceeding related to past due child and spousal support. (Id. at pars. 19-12). The Complaint

acknowledges the Court's April 24, 2019 Order and the relief granted in connection with the

Inheritance, but seeks a ruling from the Bankruptcy Court that the Court's ruling with respect to

the Inheritance is a violation of 11 U.S.C. §362 (the automatic stay provision) and "is void *ab*

*initio.*" (Id. at pars. 13-14, prayer for relief (a)). The Complaint also seeks a ruling that Ms.

Grassi "willfully and knowingly" violated 11 U.S.C. §362 by obtaining the April 24, 2019

restraining order and related relief with respect to the Inheritance. (Id. at prayer for relief (b)).

The Complaint avers an "acknowledgement" from the Trustee that child support arrears are a

"lien on the Inheritance pursuant to N.J.S.A. 2A:17-56.23 b." (Id. at par. 16). However, the

Complaint further asserts that spousal support arrears are not "a lien on the Inheritance" and

requests a ruling directing the Estate to satisfy child support arrears from the Inheritance, but

tender the remainder of the Inheritance to the Trustee. (Id. at par. 17 and prayer for relief (f)).

In accordance with the requirements of N.J.S.A. 2A:17-56.23b(b), the Estate initiated a

child support judgment search with respect to John Costantino. The search revealed that John

Costantino is a child support judgment debtor. In accordance with N.J.S.A. 2A:17-56.23b(c), the

Estate contacted the Probation Department regarding the child support judgment docketed

against John Costantino. The Probation Department confirmed that a child support judgment

against John Costantino had been docketed with the Clerk of the Superior Court of New Jersey.

Further, the Probation Department provided the Estate with a civil action certification of arrears

which details the amount of the docketed child support judgment. The civil action certification

of arrears confirms that, as of February 18, 2020, the amount owed by John Costantino in

connection with the docketed child support judgment is $59,972.07. (Brooks Cert., Exh. C).

## LEGAL ARGUMENT

### I.    PRESENT STATUS OF THE INHERITANCE

As the Appellate Division noted in Simpkins v. Saini, 356 N.J. Super. 26, 35 (App. Div.

2002), N.J.S.A. 2A:17-56.23b is broader in scope than the applicable predecessor statute and

applies to inheritances. Further, it places the burden on attorneys and "agents," which is defined

at N.J.S.A. 2A:17-56.23b(a) to include an executor of an estate, to search for child support

judgments. Id. Additionally, N.J.S.A. 2A:17-56.23b pertains to docketed child support

judgments, rather than arrearages. Id. Finally, N.J.S.A. 2A:17-56.23b impresses a lien for the

amount of a docketed child support judgment against the "net proceeds" otherwise due as

inheritance to the beneficiary of an estate. Id.

"Net proceeds" is defined in N.J.S.A. 2A:-17-56.23b(a) as the amount of money, in

excess of $2,000, payable to a beneficiary after estate expenses and other costs related to an

inheritance are deducted from the estate. As the Inheritance is $46,424.73, the net proceeds

subject to the lien of the docketed child support judgment entered against John Costantino is

$44,424.73 (the "Net Proceeds"). Id. Per N.J.S.A. 2A:17-56.23b(a), the lien has priority and the

lien stays the distribution of the Net Proceeds to John Costantino.

Given that the amount of the docketed child support judgment, $59,972.07 as of February 18, 2020, exceeds the Net Proceeds, in accordance with <u>N.J.S.A.</u> 2A:17-56.23b(c), the Estate has paid the entire amount of the Net Proceeds to the Probation Department as partial satisfaction of the child support judgment.  Payment of the Net Proceeds to the Probation Department as partial satisfaction of the child support judgment docketed against John Costantino is also consistent with the April 24, 2019 restraining order the Court imposed against the Estate in connection with the Inheritance.

As noted above, in the Complaint, the Trustee acknowledges that past due child support constitute a lien in accordance with <u>N.J.S.A.</u> 2A:17-56.23b, but takes the position that past due spousal support does not constitute a lien in accordance with <u>N.J.S.A.</u> 2A:17-56.23b or any other law of New Jersey.  However, as stated by the Appellate Division in <u>Simpkins</u>, <u>N.J.S.A.</u> 2A:17-56.23b does not pertain to arrearages, but, instead, to docketed child support judgments. <u>Simpkins</u>, 356 N.J. Super. at 35.  As <u>N.J.S.A.</u> 2A:17-56.23b(f) provides that the Estate is not liable to either John Costantino or John Costantino's creditors in partially satisfying the docketed child support judgment from the Net Proceeds, and since <u>N.J.S.A.</u> 2A:17-56.23b(g) does not require the Estate to challenge the docketed child support judgment, any dispute the Trustee has regarding the breakdown of the docketed child support judgment between past due child support and past due spousal support (assuming there is such a breakdown) is between the Trustee, Nadine Grassi and the Probation Department, not the Estate, which has done nothing more than comply with the clear legal requirements imposed upon the Estate by <u>N.J.S.A.</u> 2A:17-56.23b. <u>Smiley v. Thomas</u>, 448 N.J. Super. 624, 633 (L. Div. 2016).

This leaves the issue of the $2,000 balance from the Inheritance that, per N.J.S.A. 2A:17-56.23(b)(a), as interpreted by the Appellate Division in Simpkins,[1] would otherwise be payable to John Costantino. Unless modified by further order of the Court, the Court's April 24, 2019 restraining order prohibits the Estate from paying the $2,000 to anyone other than Ms. Grassi. However, as noted above, the Trustee has filed the Complaint against the Estate arguing that the Court's April 24, 2019 restraining order is a violation of 11 U.S.C. §362 and void *ab initio* and seeking a ruling from the Bankruptcy Court that the Estate is required to pay the $2,000 to the Trustee. Without attempting to bind Ms. Grassi in any way, in discussions with counsel for Ms. Grassi, it appears that Ms. Grassi concurs with the Trustee in this regard.

## II.    THE ESTATE SHOULD BE PERMITTED TO INTERVENE IN THIS MATTER

R. 4:33-1 permits a party to intervene in an action where the party has (a) an interest relating to property or a transaction that is the subject of the action and (b) the party is so situated that the disposition of the action may as a practical matter impair or impede the ability of the party to protect the interest, (c) unless the party's interest is adequately represented by existing parties. The application to intervene must also be timely. Meehan v. K.D. Partners, L.P., 317 N.J. Super. 563, 568 (App. Div. 1998), *cert. den.*, 118 N.J. 234 (1989). A motion for leave to intervene should be liberally viewed. Allstate NJ v. Neurology Pain, 418 N.J. Super. 246, 254 (App. Div. 2011).

In this case, the Inheritance is subject to the Court's April 24, 2019 restraining order. The Estate has an interest in the payment of the Inheritance and also an interest in complying with the restraining order. If the Estate were to pay the balance of the Inheritance to the Trustee, as the Trustee has demanded in the Complaint, the Estate would arguably be in contempt of the

---

[1] Simpkins, 356 N.J. Super. at 36.

Court's restraining order.  Thus, the Estate needs to intervene in the subject action in order to seek a further Order of the Court and avoid being in contempt of the Court's restraining order. As Nadine Grassi appears to concur with the Trustee, and neither Ms. Grassi nor John Costantino has attempted to resolve the matter with the Court, the Estate's interest related to paying the balance of the Inheritance and complying with the restraining order are not adequately represented by the parties to the subject litigation.  Id. at 255-56.  The intervention application is timely in that the Estate has recently been cleared by the State of New Jersey, Division of Taxation to make distributions to Estate beneficiaries and the Complaint was only recently filed causing the Estate to be put in a position of tension with the Court's April 24, 2019 restraining order.

At the very least, in accordance with R. 4:33-2, under all the facts and circumstances related to the payment of the Inheritance, the Estate should be permitted to intervene in this action to seek a further order of the Court in connection with the payment of the balance of the Inheritance, again to avoid being in contempt of the Court's April 24, 2019 restraining order related to the Inheritance.  R. 4:33-2 permits intervention at the Court's discretion where the applicant for intervention's claim and the main action have a question of law or fact in common. Civ. Liberties v. County of Hudson, 352 N.J. Super. 45, 70 (App. Div. 2002), cert. den. 174 N.J. Super. 190.  R. 4:33-2 is also liberally construed, with a view to whether intervention will unduly delay or prejudice the adjudication of the rights or the original parties.  Zirger v. Gen. Accident Ins. Co., 144 N.J. 327, 341 (1996).  In this case, as noted above, the intervention application is timely in light of the tax clearance to make distributions and the recently filed Complaint. Clearly, the Estate's request for a further order of the Court to avoid a violation of the April 24, 2019 restraining order has a question of law and fact in common with the imposition of the

restraining order by the Court.  Further, intervention will not unduly delay or prejudice the

adjudication of the rights of the original parties.

With respect to John Costantino, <u>N.J.S.A.</u> 2A:17-56.23b does create an exception to the

lien of the docketed child support judgment for the $2,000 Inheritance balance, but the Court has

already adjudicated Mr. Costantino's right to the $2,000 when the Court entered the April 24,

2019 order restraining the Estate from releasing any portion of the Inheritance to Mr. Costantino.

With respect to Nadine Grassi, the intervention application and request for a further

Order of the Court does prejudice her, given that the Court's April 24, 2019 restraining order

provides that the Inheritance not paid to the Probation Department is to be paid to Ms. Grassi.

However, as noted above, Ms. Grassi is also a party to the Complaint and counsel for Ms. Grassi

has advised that Ms. Grassi concurs with the payment to the Trustee of the balance of the

Inheritance not used to pay past due child support.  In any event, Ms. Grassi will have an

opportunity to be heard on the issue and, thus, there will be no prejudice to the adjudication of

her rights.[2]

---

[2] Admittedly <u>R.</u> 4:33-3 requires the party desiring to intervene in a matter to include a pleading as part of the intervention application.  However, the Estate has no interest in the underlying matrimonial matter between John Costantino and Nadine Grassi.  The Estate's only interest is compliance with the restraining order entered by the Court in light of the Complaint.  The grant or denial of a motion to intervene based upon a movant's compliance with <u>R.</u> 4:33-3 lies within the sound discretion of the Court.  <u>Civ. Liberties</u>, 352 N.J. Super. at 65.  A motion to intervene can be granted without strict compliance with <u>R.</u> 4:33-3.  <u>Id.</u> at 66.  <u>R.</u> 1:1-2 allows a court to relax a rule in the interests of justice, unless the rule expressly states otherwise.  Neither <u>R.</u> 4:33-3 nor the cases addressing it prohibit relaxation of the pleading requirement for motions to intervene.  <u>Id.</u> at 67.  In this case, the interests of justice support a relaxation of the requirements of <u>R.</u> 4:33-3 because that will allow the Estate to avoid violating the Court's April 24, 2019 restraining order, while at the same time resolving the relief sought against the Estate in the Complaint.  <u>Woytas v. Greenwood Tree Experts</u>, 237 N.J. 501, 515 (2019) ("In light of Timothy's substantial child support obligations and the number of years for which it has been and will be owed, common sense demands that we respect the Chancery judge's exercise here of his 'broad range of discretion to fashion the appropriate remedy.'"  Citing <u>Graziano v. Grant</u>, 326 N.J. Super. 328, 342 (App. Div. 1999)).  Further, Ms. Grassi will have an opportunity to be heard

### III.   **THE FURTHER ORDER OF THE COURT**

Assuming the Estate is permitted to intervene in this matter, the Estate requests a further Order of the Court permitting the Estate to pay the balance of the Inheritance ($2,000) to the Trustee. Please note that, in making this request, the Estate takes no position regarding the allegations advanced by the Trustee in the Complaint. The basis for the requested further Order of the Court solely relates to Ms. Grassi's apparent consent that the balance of the Inheritance be paid to the Trustee. If the Court were to take a different view or Ms. Grassi advance a contrary position, the Estate is prepared to deposit the balance of the Inheritance with the Court in accordance with R. 4:57-1, or otherwise pay the balance of the Inheritance to counsel for Ms. Grassi or the Trustee as directed by the Court until their competing claims for the balance of the Inheritance can be resolved.

Once the Inheritance is fully paid, there is no basis for the Estate to continue to be involved with this matter, or any other matter involving John Costantino, including the Complaint. The Estate has already incurred significant legal fees and costs related to the resolution of the issues created by the Complaint and the competing requirements of the April 24, 2019 restraining order. Any continued involvement on the part of the Estate in connection with this dispute is inequitable to the Executor and the other beneficiaries of the Estate.

### CONCLUSION

For all the reasons set forth above, the Estate should be permitted to intervene in this matter as of right in accordance with R. 4:33-1 or, alternatively, be permitted to intervene in accordance with R. 4:33-2 and pursuant to the discretion of the Court. Once permitted to

---

and the Court will determine if a further Order of the Court is warranted, a possibility the Court built into the April 24, 2019 restraining order.

intervene, again for all the reasons set forth above, a further order of the Court should issue,

modifying the Court's April 24, 2009 restraining order by permitting the Estate to pay the

balance of the Inheritance to the Trustee.

Dated: February 27, 2020

DUANE MORRIS LLP
Attorneys for Intervenor, the Estate of
Joseph Spadaro

By: _____
Gilbert Brooks, Esquire

**DUANE MORRIS LLP**
**A DELAWARE LIMITED LIABILITY PARTNERSHIP**
By:    Gilbert L. Brooks
1940 Route 70 East, Suite 100
Cherry Hill, NJ  08003-2171
Telephone:  856- 874-4204
Fax: 856-424-4446
Attorneys for Intervenor

| | |
|---|---|
| JOHN COSTANTINO, | SUPERIOR COURT OF NEW JERSEY |
| | CHANCERY DIVISION, FAMILY PART |
| Plaintiff, | CAMDEN COUNTY |
| | |
| v. | DOCKET NO. FM-04-998-15 |
| | |
| NADINE GRASSI (nee Costantino), | CIVIL ACTION |
| | |
| Defendant, | **CERTIFICATION OF GILBERT** |
| | **BROOKS IN SUPPORT OF MOTION** |
| | **TO INTERVENE AND MOTION FOR** |
| ESTATE OF JOSEPH SPADARO, | **FURTHER ORDER OF THE COURT** |
| | |
| Applicant for Intervention. | |

I, Gilbert Brooks, of full age and sound mind, hereby certify and state as follows:

1.      I am an attorney-at-law licensed to practice in the State of New Jersey.  I am a partner with Duane Morris LLP, attorneys for the Estate of Joseph Spadaro (the "Estate") in connection with the above-captioned matter.

2.      Attached hereto as Exhibit A is the April 24, 2019 Order entered by the Hon. Kurt Kramer, J.S.C. in connection with the above-captioned matter.

3.      Attached hereto as Exhibit B is a Complaint For Declaratory Judgment (Adversary Proceeding No. 19-2292 and, hereafter, the "Complaint") filed on or about December 5, 2019 by Andrew Sklar, the Trustee in a Chapter 7 bankruptcy proceeding filed by John Costantino on or about November 21, 2018 (the "Trustee") with the United States Bankruptcy

Court for the District of New Jersey (Case No. 18-33011 (ABA)).  On or about December 10,

2019, the Complaint was served by mail upon the Executor for the Estate, Brian Costantino.

4.      Attached hereto as Exhibit C is a true and correct copy of February 18, 2020

correspondence received by me from Atwood James Shupp, Senior Probation Officer, Camden

County Judgment Coordinator with the Camden County Probation Department.  The

correspondence includes a February 18, 2020 Civil Action Certification of Arrears (the

"Certification of Arrears") in the amount of $58,972.07 as of the date of the Certification of

Arrears.

5.      Prior to receiving the correspondence from Mr. Shupp, including the Certification

of Arrears, I spoke with Kiesha Rankin, the Investigator who executed the Certification of

Arrears.  Ms. Rankin contacted me to confirm that there was a docketed child support judgment

in place against John Costantino.  Ms. Rankin then confirmed that she would send me

confirmation of the amount of the docketed child support judgment and she advised me to follow

up with Mr. Shupp directly if I had any questions.

6.      Following receipt of the correspondence and Certificate of Arrears attached as

Exhibit C, I contacted Mr. Shupp to ask whether there was a breakdown in connection with the

docketed child support judgment between past due child support and past due spousal support.

Mr. Shupp advised that there was no such breakdown and that any inheritance otherwise due

John Costantino from the Estate needed to be paid towards the docketed child support judgment

in accordance with N.J.S.A. 2A:17-56.23b.  Mr. Shupp also referenced the case Simpkins v.

Saiani, 356 N.J. Super. 26 (App. Div. 2002) in support of his assertion.

7.      After receiving the correspondence and Certificate of Arrears from Mr. Shupp and

speaking with Ms. Rankin and Mr. Shupp, I forwarded a copy of the information to Steven R.

Neuner, Esquire, counsel for defendant, Nadine Grassi, in connection with the above-captioned matter.  Mr. Neuner then forwarded the correspondence and Certificate of Arrears to Andrea Dobin, counsel for the Trustee.

8.      In prior discussions with Mr. Neuner regarding the inheritance due John Costantino from the Estate, Judge Kramer's April 24, 2019 Order and the Complaint, Mr. Neuner advised me that it was Ms. Grassi's position that any amount of the Inheritance that exceeded the amount due for John Costantino's past due child support obligation should be paid to the Trustee, not her as otherwise required by Judge Kramer's April 24, 2019 Order.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.


Dated: February 27, 2020

_____
Gilbert Brooks, Esquire

# EXHIBIT A

CE**RTIF**'ED
TRUE **C**PY

FILED
FAMILY DIVISION

ORDER PREPARED BY THE COURT

APR 2 4 2019

SUPERIOR COURT OF NEW JERSE
COUNTY OF CAMDEN

JOHN COSTANTINO
      Plaintiff

v.

NADINE COSTANTINO
      Defendant

        :

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION/FAMILY PART
CAMDEN COUNTY

DOCKET# FM-04-998-15

Civil Action

ORDER

**THIS MATTER** having come before the Court on the 29th of November 2018, the HON. KURT KRAMER, J.S.C. presiding; the Plaintiff, JOHN COSTANTINO, self represented, and the Defendant, NADINE COSTANTINO, appearing and represented by Angie Gambone, Esq., and the Court having considered the moving papers, oral argument, the findings of facts and the conclusions of law placed upon the record, and for good and sufficient cause shown;

**IT IS** on this **24th** day of April, **2019 ORDERED** as follows:

1. Defendant's request to Enforce the Plaintiff's Current Child Support and Alimony Obligations is **GRANTED**. Plaintiff shall, consistent with his past obligation, pay $177.00 per week in child support and $2,200.00 per month in spousal support.

2. Defendant's request to Increase Plaintiff's Weekly Arrears Payback Rate is **GRANTED**. Plaintiff, effective the date of this Order, shall pay $150.00 dollars per week towards his support arrears.

3. Defendant's request to for a Lump Sum Payment of $10,000 Towards Arrears within ten (10) days by certified or bank check is **GRANTED**. Defendant's request for an arrest warrant is **DENIED**.

4. Defendant's request for Plaintiff to be placed on Strict Probation with Specific Terms for Release is **GRANTED in part and DENIED in part**. Plaintiff shall, in the event he misses any further payments, be on strict probation and required to appear at probation for monthly failure to pay hearings with an arrest warrant to issue if he fails to appear at any scheduled hearing. Probation shall not release Plaintiff from his appearance obligation unless he has made his full support payment for the month.

5. Defendant's request for Probation to Release Plaintiff's Income Information is **GRANTED.** Probation shall release to Ms. Grassi or her attorney any and all information now or in the future known to them as to the Plaintiff's source of income.

6. Defendant's request for Plaintiff's Case Information Statement and Proof of Assets is **GRANTED.**    Plaintiff shall  submit a complete Case Information Statement within the next ten (10) days.  Plaintiff shall submit the last 24-months of all financial statements to substantiate the representations made on his Case Information Statement.   If requested by Defendant within 14 days of this Order, a compliance hearing will be set for June 3, 2019 at 8:30 at which time Plaintiff shall be required to answer any relevant questions of the Defendant or Defendant's counsel under oath.  If Plaintiff fails to appear at the hearing by 9:00 am that day a warrant for his immediate arrest will be issued. If Plaintiff has not complied, he will be required to appear day to day, until he has fully complied with paragraphs 3, 6, and 13-18 of this Order unless good cause is shown. Further, unless good cause is shown, if Plaintiff failed to pay any amounts required by this Order, a date for an ability to pay hearing will be set at the compliance hearing.

7. Defendant's request for Arrest Warrant to be Issued for Failure to Supply Documentation is **GRANTED** to the extent consistent with paragraph 6 of this Order.

8. Defendant's  request for an Order restraining Brian Costantino, Administrator of the Estate of Joseph Spadaro, from releasing any monies or assets from the Plaintiff's inheritance to the Plaintiff under any circumstances is **GRANTED.**

Unless further Order of Court, Brian Costantino, or his counsel, John Fenerty, Esquire, shall  release 100% of the Plaintiff's inheritance to Ms. Grassi's counsel, Angie Gambone, Esquire, with the exception of first permitting Brian Costantino or his counsel to satisfy the Plaintiff's support arrears by providing funds directly to the Probation Department. Any excess inherited funds or assets not provided to Probation should be provided to Angie Gambone, Esquire and thereafter released to Ms. Grassi upon notice to the Plaintiff, in further satisfaction of the Plaintiff's outstanding obligations to Ms. Grassi.

9. Defendant's  request for a self-effectuating Order indicating that if the Plaintiff is the beneficiary of any inheritance in the future, the administrator of said Estate is to be restrained from releasing any assets to the Plaintiff absent a Court Order is **GRANTED in part and DENIED in part.** This Order shall be an ongoing restraint unless or until the Plaintiff has satisfied all deficient obligations in this matter. Defendant's request for an Order that if Plaintiff is at the time of any future inheritance current on all obligations, requiring the Estate administrator to provide $5,000.00 to Ms. Grassi's counsel to hold in trust and to release to Ms. Grassi in the event that the Plaintiff accumulates support arrears in excess of $500.00 in any given month, is **DENIED.**

10. Defendant's  request for an Order compelling Plaintiff to enter into a monthly payment plan with the Internal Revenue Service by way of automatic monthly bank account withdrawal is **DENIED.**

11. Defendant's  request for an Order compelling the Release of Flaster Greenberg Escrow Monies to Defendant is **GRANTED.**   Ms. Grassi's counsel, Flaster Greenberg P.C., shall release to Ms. Grassi the monies currently held in escrow, in further satisfaction of the Plaintiff's support obligations to her.

12. Defendant's request for an Order permitting Ms. Grassi to claim both of the parties' minor child as tax deductions in all future tax years beginning in the year 2018, until further Order of the Court is **GRANTED.**

13. Defendant's request for an Order requiring the Plaintiff to provide proof, within ten (10) days, that he has the appropriate amount of life insurance and that his children are the named beneficiaries of the policies, is **GRANTED.** Plaintiff

shall provide proof to defendant that this policy is in good standing on a monthly basis.

14. Defendant's request for an Order Requiring the Plaintiff to surrender all remaining Philadelphia Eagles game tickets for the 2019/2020 season to Ms. Grassi is **GRANTED**.  Plaintiff shall deliver such tickets to Defendant within 14 days of this Order. Any individual or organization shall, upon presentation of this Order, provide the tickets to Ms. Grassi or her counsel.

15. Defendant's request for an Order Requiring the Plaintiff to surrender all vehicles titled in his name to Ms. Grassi is **GRANTED**.  Defendant is granted power of attorney to execute any titles or other documents necessary to transfer title or sell the vehicles, including, but not limited to, the initial transfer of any vehicles to her name.

16. Defendant's request for an Order Requiring the Plaintiff to comply with the Court's prior Order compelling him to provide an accounting, with proofs, as to his use of the proceeds of the sale of the Lakeview Avenue property within ten (10) days is **GRANTED.**

17. Defendant's request for an Order Requiring the Plaintiff to place the minor children on health insurance identical or comparable to the policy they were previously covered under prior to the Plaintiff putting them on state-sponsored insurance is **GRANTED**. Plaintiff shall obtain and provide Defendant proof of the insurance within 14 days of this Order.

18. Defendant's request to require the Plaintiff to pay the children's unreimbursed medical expenses as required by the Court Order of July 13, 2018 is **GRANTED**.  All amounts owed pursuant to the Court Order of July 13, 2018 shall be paid within 10 days of this Order.

19. Defendant request for an award of Counsel Fees and Costs is **GRANTED**. The Court awards Plaintiff counsel fees in the amount of $3867.50. The Court will supplement this award for further counsel fees incurred since the initial application based on any further submission of counsel made in the next 7 days. The award of counsel fees is related to enforcement of a support order and is not dischargeable in bankruptcy.

20. Defendant's request an Order imposing sanctions on the Plaintiff in the event that he fails to comply with any of the terms of this Order is **GRANTED in part and DENIED in part**   The sanctions, as requested by Defendant are denied. However, Plaintiff will be subject to sanctions of $100 per week or part thereof for the failure to comply with any of the reliefs granted in paragraphs 3, 6, and 13-18 of this Order, such sanctions to be cumulative.

21. Defendant's request for Plaintiff to appear in person before the Court on a monthly basis for a Status Conference is **DENIED as requested** and **GRANTED in part**. The Court, consistent with paragraph 6 above, will schedule a compliance conference, if requested by Defendant, on June 3, 2019 at 8:30 am. The Court will consider entering further Orders for enforcement and the scheduling further compliance hearings at that time.

22. Defendant's request for an Order Reducing all Unpaid Obligations to Judgment is **DENIED as requested**.   Issues related to IRS debt are subject to the automatic stay.   The Court will reduce any amounts specifically identified in the amounts identified at the compliance conference upon receipt of a written request from counsel for Defendant 5 days before the date of the compliance hearing.

23. Defendant's request for an Order For such further relief as the Court deems equitable and just is **GRANTED**. The Court directs that the Plaintiff's driver's license and any other professional licenses issued by the state of New Jersey to Plaintiff are suspended until further order of Court.

By the Court

Kurt Kramer, J.S.C.

# EXHIBIT B



**MS&B**  McMANIMON · SCOTLAND · BAUMANN

427 Riverview Plaza, Trenton, NJ 08611  (609) 695-6070

**Andrea Dobin**
Partner
Direct 973-323-8667
adobin@msbnj.com

F: 973-712-1453

79758-1

December 10, 2019

**VIA CERTIFIED MAIL & REGULAR MAIL**

Brian Costantino, Executor
26 Scenic Point Circle
Sicklerville, NJ  08081

> RE:    In re Costantino, John G., Case No. 18-33011(ABA)
>        Sklar v. Grassi, et al, Adv. No. 19-2292
>        **SERVICE OF COMPLAINT**

Dear Mr. Costantino,

    This firm represents Andrew Sklar, the Chapter 7 Trustee in the bankruptcy proceeding of John G. Costantino.  Under cover of this letter you are being served with a Complaint and related documents seeking relief against you, *solely in your capacity as Executor*.  These documents are as follows:

- Complaint for Declaratory Judgment;
- Summons and Notice of Pretrial Conference;
- Instructions as to Notice of Pretrial Conference;
- Proposed Mediation Order; and
- Proposed Pretrial Order.

These items require your immediate attention.

Very truly yours,

Andrea Dobin

AD/to
Encs.

McManimon, Scotland & Baumann, LLC
Newark · Roseland · Trenton

McManimon, Scotland & Baumann, LLC
427 Riverview Plaza
Trenton, NJ 08611
(973) 323-8667
Andrea Dobin (adobin@msbnj.com)
*Attorneys for Plaintiff, Andrew Sklar, Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>COSTANTINO, John G.,<br><br>         Debtor. | Case No. 18-33011(ABA)<br><br>Chapter 7<br><br>Honorable Andrew B. Altenburg, Jr., U.S.B.J. |
| ANDREW SKLAR, CHAPTER 7 TRUSTEE,<br><br>         Plaintiff,<br><br>v.<br><br>NADINE   GRASSI   and   BRIAN COSTANTINO, in his capacity as the Executor of the Estate of Joseph Spadoro,<br><br>         Defendant. | Adv. Pro. No. 19-_____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Andrew Sklar, Chapter 7 Trustee ("Trustee") in the Chapter 7 bankruptcy proceeding of

John G. Costantino, Chapter 7 debtor ("Debtor"), by way of complaint against Nadine Grassi and

Brian Costantino, Executor, respectfully alleges as follows:

1

10.   As of the Petition Date, the Debtor owed Grassi both past due child support ("Child Support") and past due spousal support ("Alimony").

11.   On March 6, 2019, Grassi filed a Proof of Claim in the Debtor's bankruptcy proceeding.

12.   At least as early as March 6, 2019, Grassi had actual knowledge of the Debtor's bankruptcy filing.

13.   By order entered on April 24, 2019, the Superior Court of New Jersey, Family Part, Camden County granted Grassi's request for an order that restrained the Executor of the Estate of Joseph Spadoro from releasing the Inheritance to the Debtor (the "April Order").

14.   The April Order further provided as follows:

> Unless further Order [sic] of Court, Brian Costantino [Executor], or his counsel, John Fenerty, Esquire, shall release 100% of the Plaintiff's inheritance to Ms. Grassi's counsel, Angie Gambone, Esquire, with the exception of first permitting Brian Costantino or his counsel to satisfy the Plaintiff's support arrears by providing funds directly to the Probation Department. Any excess inherited funds or assets not provided to Probation should be provided to Angie Gambone, Esquire and thereafter released to Ms. Grassi upon notice to the Plaintiff [Debtor], in further satisfaction of the Plaintiff's outstanding obligations to Ms. Grassi.

15.   The Executor of the Estate of Joseph Spadoro has not disbursed any of the Inheritance.

16.   The Trustee has acknowledged that the Child Support constitutes a lien on the Inheritance pursuant to N.J.S.A. 2A:17-56.23b.

17.   There is no state law that provides that Alimony is a lien on the Inheritance.

18.   Grassi has taken the position that the Alimony is a lien on the Inheritance.

3

19.    The Executor of the Estate of Joseph Spadoro will not distribute the Inheritance to the Trustee without a determination as to the extent of liens on same and/or a determination of his obligation to comply with the terms of the April Order.

**WHEREFORE**, the Trustee demands declaratory judgment as follows:

a.    Declaring that the April Order, to the extent that it seeks to exercise dominion and/or control over the Inheritance, is a violation of the automatic stay of 11 U.S.C. 362 and is void *ab initio*;

b.    Finding that Grassi willfully and knowingly violated the automatic stay by obtaining the relief set forth in the April Order that redirected the Inheritance to her and/or for her sole and exclusive benefit;

c.    Awarding counsel fees as a sanction for a willful stay violation pursuant to 11 U.S.C. 362(k);

d.    Declaring that the Child Support is a lien on the Inheritance;

e.    Declaring that the Alimony is not a lien on the Inheritance;

f.    Directing the Executor of the Estate of Joseph Spadoro to satisfy the Child Support lien and tender the remainder of the Inheritance to the Trustee, with an accounting thereof; and

g.    Granting such other and further relief as is just and appropriate.

Respectfully,

McManimon, Scotland & Baumann, LLC
*Attorneys for Plaintiff, Thomas J. Orr,
Chapter 7 Trustee*

By:    /s/ Andrea Dobin
       ANDREA DOBIN

Dated: December 5, 2019

4

4849-3071-3518, v. 1

# EXHIBIT C



**New Jersey Courts**
Independence • Integrity • Fairness • Quality Service

**Superior Court of New Jersey - Camden Vicinage**

| | | |
|---|---|---|
| **COLLEEN LORE**<br>Trial Court Administrator<br><br>GILBERTO VELASQUEZ<br>Vicinage Chief Probation Officer | N.J. Courts Website<br>http://www.njcourts.com/<br>FAX: 856-379-2135 | EXECUTIVE CAMPUS<br>Building 5 & 6, Union Ave.<br>PO Box 8107<br>CHERRY HILL, NJ 08002<br>(856) 661-2500<br>Child Support<br>1-877-655-4371 |

February 18, 2020

Gilbert L. Brooks, Esquire
Duane Morris, LLP
1940 Route 70 East, Suite 100
Cherry Hill, NJ   08003-2171
Fax:  856-874-4364
gbrooks@duanemorris.com

RE:    Nadine Grassi vs. John Costantino
         FM-04-000998-15    CS91182672A

Dear Mr. Brooks:

This letter is in response to your inquiry regarding the above support case.  According to the records of the New Jersey Child Support System, the debtor has a support case being supervised by the Camden County Probation Division.  A civil action certification of arrears is attached, which details the amount of the order and any child support arrears owed.

Please make check payable to the New Jersey Family Support Payment Center.   Include the Debtor/Obligor name, case number, and include the word "Judgment" on the check and mail the payment to the following:

**New Jersey Family Support Payment Center**
**Attention: Judgment and Writs**
**PO Box 9288**
**Trenton, NJ   08650**

**A judgment against the debtor has been docketed with the Clerk of the Superior Court.  If the requesting party wishes to remove this judgment, a Warrant of Satisfaction (WOS) is required. The debtor or debtor's legal representative is responsible for filing the WOS and the payment of any required filing fees with the Superior Court Clerk's Office to discharge the judgment. For further information regarding the filing of a WOS, please contact the Superior Court Clerk's office at 609-421-6100.**

Should you require additional assistance, please contact Customer Service at 1-877-655-4371.

Sincerely,

*Atwood James Shupp*, Senior Probation Officer
Camden County Judgment Coordinator
PHONE:  856-661-2772    FAX:  856-379-2135

# CAMDEN COUNTY

**Probation Division, Child Support Enforcement**
5 EXECUTIVE CAMPUS STE 20070
PO BOX 8107
CHERRY HILL, NJ 08002-4100
Website: www.njchildsupport.org



**(877)655-4371**
**Fax: (856)379-2127**

**COSTANTINO JOHN**

Plaintiff ☐Obligee ☒Obligor

vs.

**GRASSI NADINE**

Defendant ☒Obligee ☐Obligor

**SUPERIOR COURT OF NEW JERSEY**
**CHANCERY DIVISION, FAMILY PART**

Docket Number: **FM-04-000998-15**
Case ID: **CS91182672A**

## CIVIL ACTION CERTIFICATION OF ARREARS

The undersigned certifies that the records of the **CAMDEN COUNTY** Probation Division indicate the obligor:

(1) Was ordered by the Superior Court of New Jersey, on **08/18/2016** to pay **$ 840.69 WEEKLY** as support and / or arrears payments.

(2) Has failed to make payments. Arrears / Credit as of **02/18/2020** are:

**$ 58,972.07** to the obligee

Total due **$ 58,972.07***

*Post judgment interest may be due from the obligor on the case.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

Dated: **02/18/2020**

**KIESHA RANKIN**
**INVESTIGATOR**



CS028,73971341

071\ATWOOD.SHUPP\CS91182672A\91182673

# DuaneMorris®

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

*FIRM and AFFILIATE OFFICES*

GILBERT L. BROOKS
DIRECT DIAL: +1 856 874 4204
PERSONAL FAX: +1 856 874 4364
*E-MAIL:* gbrooks@duanemorris.com

*www.duanemorris.com*

February 27, 2020

Nalo Brown
Family Division Manager
Camden County Hall of Justice
Suite 250
101 S. 5th Street
Camden, NJ  08103-4001

**Re:**    <u>Costantino v. Grassi (nee Costantino); Docket No. FM-04-998-15</u>

Dear Family Division Manager:

In accordance with <u>R</u>. 5:5-4, <u>R</u>. 1:6-2(b) and <u>R</u>. 1:5-6(b)(4), enclosed please find an original plus one (1) copy of a Motion to Intervene and Motion for Further Order of Court. Please note that, by copy of this letter, a copy of all moving papers have been provided to the Hon. Kurt Kramer, J.S.C. and all parties of record in the above-entitled matter. Please let me know if you have any questions or problems with this submission. Also, please return a copy of the stamped and filed Motion and supporting documents to our office in the envelope provided. Thank you.

Respectfully yours,

DUANE MORRIS LLP

Gilbert L. Brooks

GLB:klh
Enclosures

DUANE MORRIS LLP    *A DELAWARE LIMITED LIABILITY PARTNERSHIP*                                    HERSH KOZLOV, RESIDENT PARTNER

1940 ROUTE 70 EAST, SUITE 100    CHERRY HILL, NJ  08003-2171              PHONE: +1 856 874 4200   FAX: +1 856 424 4446
DM2\12343205.1 N2335/00001

DuaneMorris

Nalo Brown
February 27, 2020
Page 2

cc:    Honorable Kurt K. Kramer, J.S.C.
       Steven R. Neuner, Esquire
       Bruce K. Warren, Esquire
       John Costantino, Pro se

**DUANE MORRIS LLP**
**A DELAWARE LIMITED LIABILITY PARTNERSHIP**
By:   Gilbert L. Brooks
1940 Route 70 East, Suite 100
Cherry Hill, NJ  08003-2171
Telephone:  856- 874-4204
Fax: 856-424-4446
Attorneys for Intervenor

| | |
|---|---|
| JOHN COSTANTINO,<br><br>                    Plaintiff,<br><br>          v.<br><br>NADINE GRASSI (nee Costantino),<br><br>                    Defendant,<br><br>ESTATE OF JOSEPH SPADARO,<br><br>          Applicant for Intervention. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION, FAMILY PART<br>CAMDEN COUNTY<br><br>DOCKET NO. FM-04-998-15<br><br>CIVIL ACTION<br><br>**CERTIFICATION OF BRIAN COSTANTINO IN SUPPORT OF MOTION TO INTERVENE AND MOTION FOR FURTHER ORDER OF THE COURT** |

I, Brian Costantino, of full age and sound mind, hereby certify and state as follows:

1.      I am the Executor of the Estate of Joseph Spadaro (the "Estate").

2.      In connection with my administration of the Estate, I have obtained tax clearance from the State of New Jersey, Division of Taxation to make distributions to the beneficiaries of the Estate in accordance with the Last Will and Testament of the decent, Joseph Spadaro (the "Spadaro Will").

3.      John Costantino is a beneficiary of the Estate.  Per the distributions to beneficiaries of the Estate as set forth in the Spadaro Will, John Costantino's inheritance from the Estate is $46,424.73 (the "Inheritance").

4.      On behalf of the Estate, I confirm that the Estate has not released any monies or

assets from the Inheritance to John Costantino.  I further confirm that the Estate has made no

payments to John Costantino or distributed any Estate assets to John Costantino, whether the

Inheritance or otherwise.

I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements made by me are wilfully false, I am subject to punishment.

Dated: February 25, 2020

Brian Costantino

**DUANE MORRIS** LLP
**A DELAWARE LIMITED LIABILITY PARTNERSHIP**
By:   Gilbert L. Brooks
1940 Route 70 East, Suite 100
Cherry Hill, NJ  08003-2171
Telephone: 856- 874-4204
Fax: 856-424-4446
Attorneys for Intervenor

|  |  |
|---|---|
| JOHN COSTANTINO,<br><br>Plaintiff,<br><br>v.<br><br>NADINE GRASSI (nee Costantino),<br><br>Defendant,<br><br>ESTATE OF JOSEPH SPADARO,<br><br>Applicant for Intervention. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION, FAMILY PART<br>CAMDEN COUNTY<br><br>DOCKET NO. FM-04-998-15<br><br>CIVIL ACTION<br><br>**ORDER PERMITTING<br>INTERVENTION AND MODIFYING<br>PRIOR ORDER OF THE COURT** |

The matter being brought before the Court on motion of Duane Morris LLP for the Estate of Joseph Spadaro (the "Estate") for leave to intervene in this action for the limited purpose of seeking a further order from the Court permitting payment of a portion of the inheritance otherwise due plaintiff, John Costantino, from the Estate to the Trustee in the Chapter 7 bankruptcy proceeding filed by Mr. Costantino in the United States Bankrupty Court for the District of New Jersey (Case No. 18-33011 (ABA)) (the "Trustee"), and the Court having considered the papers and argument submitted by the Estate, and the Court having considered all responsive papers and argument submitted on behalf of defendant, Nadine Grassi, and John Costantino, and it appearing to the Court that the Estate should be permitted to intervene in this matter for the limited purpose of obtaining a further order of the Court permitting the Estate to

pay a portion of the inheritance otherwise due John Costantino to the Trustee and good cause

appearing, it is on this _____ day of March, 2020 **ORDERED** that:

1.    The Estate of Joseph Spadaro is hereby given leave to intervene in this action for

the limited purpose of seeking a further order of the Court with respect to the payment of a

portion of the inheritance otherwise due plaintiff, John Costantino, from the Estate; and

2.    The April 24, 2019 Order of the Court is hereby modified to permit the Estate to

pay $2,000 from the inheritance otherwise due John Costantino to Andrew Sklar, the Trustee in a

Chapter 7 bankruptcy proceeding filed by Mr. Costantino with the United States Bankruptcy

Court for the District of New Jersey (Case No. 18-33011 (ABA)), for the benefit of Mr.

Costantino's creditors in the bankruptcy proceeding, including but not limited to defendant

Nadine Grassi.

 

 

_____

Hon. Kurt Kramer, J.S.C.

(  ) Opposed

(  ) Unopposed

**DUANE MORRIS LLP**
**A DELAWARE LIMITED LIABILITY PARTNERSHIP**
By:    Gilbert L. Brooks
1940 Route 70 East, Suite 100
Cherry Hill, NJ  08003-2171
Telephone:  856- 874-4204
Fax: 856-424-4446
Attorneys for Intervenor

| | |
|---|---|
| JOHN COSTANTINO, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | CHANCERY DIVISION, FAMILY PART |
| | CAMDEN COUNTY |
| v. | |
| | DOCKET NO. FM-04-998-15 |
| NADINE GRASSI (nee Costantino), | |
| | CIVIL ACTION |
| Defendant, | |
| | **CERTIFICATION OF SERVICE** |
| ESTATE OF JOSEPH SPADARO, | |
| Applicant for Intervention. | |

I, Gilbert Brooks, of full age and sound mind, hereby certify and state as follows:

1.      I am an attorney-at-law licensed to practice in the State of New Jersey.  I am a partner with Duane Morris LLP, attorneys for the applicant for intervention and further order of the Court, Estate of Joseph Spadaro.

2.      On or about February 27, 2020, in accordance with R. 5:5-4(c), I served the Hon. Kurt Kramer, J.S.C., Camden County Hall of Justice, Suite 120, 101 S. 5th Street, Camden, New Jersey 08103-4001, with two copies of the Motion to Intervene and Motion for Further Order of the Court, along with two copies of the certifications and brief submitted in support thereof. Service was effectuated by mailing the Motion and supporting papers to Judge Kramer at the address indicated above.

3.      On or about February 27, 20202, in accordance with R. 5:5-4(c), I served Steven

R. Neuner, Esquire, High Ridge Commons, 2002 Haddonfield-Berlin Road, Suite 300,

Gibbsboro, New Jersey 08026, with two copies of the Motion to Intervene and Motion for

Further Order of the Court, along with two copies of the certifications and brief submitted in

support thereof.  Mr. Neuner is the attorney for defendant, Nadine Grassi.  Service was

effectuated by mailing the Motion and supporting papers to Mr. Neuner at the address indicated

above.

4.      On or about February 27, 2020, in accordance with R. 5:5-4(c), I served Bruce K.

Warren, Esquire, 1170 Delsea Drive, Suite 103, Westville, New Jersey 08093, with two copies of

the Motion to Intervene and Motion for Further Order of the Court, along with two copies of the

certifications and brief submitted in support thereof.  Mr. Warren is believed to be the attorney

for plaintiff, John Costantino.  Service was effectuated by mailing the Motion and supporting

papers to Mr. Warren at the address indicated above.

5.      Because of the possibility that John Costantino is appearing in this matter pro se,

on or about February 27, 2020, in accordance with R. 5:5-4(c), I served John Costantino, 305

Fern Avenue, Haddon Township, New Jersey 08108, with two copies of the Motion to Intervene

and Motion for Further Order of the Court, along with two copies of the certifications and brief

submitted in support thereof.  Service was effectuated by mailing the Motion and supporting

papers to Mr. Costantino at the address indicated above.

This Certification of Service is provided in accordance with R. 1:5-3.  In connection

therewith, I certify that the foregoing statements made by me are true.  I am aware that if any of

the foregoing statements made by me are wilfully false, I am subject to punishment.

Dated: February 27, 2020

_____
Gilbert Brooks, Esquire